AO 106 (Rev. 01/09) Application for a Search Warrant

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

SEP 23 2022

LAURA A. AUSTIN, CLERK
BY: /s/ A. Meade
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No. 1:22mj104
Exit 10 Self Storage )
Storage Unit 55 )
15503 Lee Hwy., Bristol, Virginia )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ___Western___ District of ___Virginia___ *(identify the person or describe property to be searched and give its location):* Exit 10 Self Storage, Storage Unit 55, 15503 Lee Hwy., Bristol, Virginia.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of   21   U.S.C. §  846/841(a)(1)  , and the application is based on these facts: See Attachment B                                    and/or §  841(a)(1)

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*/s/ Brian Snedeker*
Applicant's signature

Brian Snedeker, Special Agent
Printed name and title

Sworn to before me ~~and signed in my presence~~. telephonically.

Date: 9/23/22

*/s/ Pamela Meade Sargent*
Judge's signature

City and state: Abingdon, Virginia

Pamela Meade Sargent, USMJ
Printed name and title

# ATTACHMENT A

1. Methamphetamine distribution paraphernalia including (but not limited to) scales, cutting material, plastic baggies, wrapping material; devices used to communicate with other drug traffickers/co-conspirators including cellular telephones; electronic equipment used for counter-surveillance to include video surveillance systems and related DVRs (digital video recorders), scanners, and anti-bugging devices.

2. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of methamphetamine.

3. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of methamphetamine. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and /or telephone books, notebooks, loose pieces of paper, and found in mail.

4. Photographs and videos depicting methamphetamine, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with methamphetamine,

5. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

6. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

7. Large amounts of currency (exceeding $1000.00) or readily transported assets which are used as cash equivalents (cashier's checks, prepaid money/credit cards, money orders, etc.)

8. Items listed in Paragraphs 2 through 6 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, digital video recorders (DVRs), floppy disks, CD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 2 through 6.

ATTACHMENT B

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for methamphetamine distribution/conspiracy related documentary evidence and equipment/supplies on the premises known as Exit 10 Self Storage, Storage Unit 55, 15503 Lee Hwy., Bristol, Virginia. This affiant, after obtaining and reviewing information, believes there is evidence of distribution of methamphetamine and/or conspiracy to distribute methamphetamine at Exit 10 Self Storage, Storage Unit 55, 15503 Lee Hwy., Bristol, Virginia in violation of 21 U.S.C. § 841(a)(1) and § 846/841(a)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (31) years. During my employment I have received comprehensive classroom training from the DEA in specialized narcotic investigative matters including but not limited to drug interdiction, drug detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances and controlled substance precursors. I have participated in the investigations and subsequent arrests of hundreds of individuals involved with the trafficking of methamphetamine (a Schedule II controlled substance). I have also executed hundreds of search warrants related to the trafficking and manufacturing of methamphetamine.

4. The facts set forth in this affidavit are known to me as a result of my participation in the investigation of Donald Allen EDWARDS (hereafter referred to as "Donald EDWARDS"), my training and experience, and information provided to me by other law enforcement officers.

5. During June 2022, a reliable confidential source (hereafter referred to as "CS") performed a controlled purchase (monitored, recorded, and surveilled by law enforcement) of (¼) pound or more of methamphetamine (a quantity consistent with distribution/redistribution) from Donald EDWARDS within the Western District of Virginia. On multiple occasions from June 2022 to the present, law enforcement has observed Donald EDWARDS' motor vehicle (a white, 2014 Ford Explorer bearing Virginia license plate UDZ-6025 and registered to Donald EDWARDS) parked at Donald EDWARDS' residence in Abingdon, Virginia (250 Holston Street NW, Apt. 5, Abingdon, Virginia). The Ford Explorer is registered to Donald EDWARDS at the aforementioned address. During June 2022, law enforcement observed Donald EDWARDS utilize his white, 2014 Ford Explorer to transport and distribute the methamphetamine referenced in the aforementioned controlled purchase.

6. Donald EDWARDS is the known renter of Storage Unit 55 at Exit 10 Self Storage located at 15503 Lee Hwy., Bristol, VA. On 09-23-2022, Exit 10 Self Storage company management advised law enforcement that Donald EDWARDS rents two storage units (Storage Unit 49 and Storage Unit 55) at the facility and paid his total monthly rental fee of $155.00 for the two units on 09-15-2022.

7. A review of Donald EDWARDS' criminal history revealed that Donald EDWARDS is currently on federal supervised release (probation) in relation to his 2001 felony convictions for Conspiracy to Distribute Cocaine Base and Possession of a Firearm in Furtherance of a Violent Felony. A federal probation officer has advised this affiant that during 2022, Donald EDWARDS admitted to using cocaine (while on probation).

8. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that individuals who distribute and/or conspire to distribute methamphetamine typically maintain methamphetamine, methamphetamine distribution paraphernalia (small, plastic, Ziploc-type baggies, digital scales, etc.), notes, records, messages, and telephone numbers (pertaining to methamphetamine trafficking related contacts/co-conspirators/customers), and other items as listed and explained on Attachment A (of the Application and Affidavit for Search Warrant to which this affidavit is attached) at their residences, on their persons, inside of their vehicles and/or vehicles they operate, and inside of other locations under their control such as self-storage units. As to distribution paraphernalia, notes, records, and the like, this affiant is aware based upon his training, experience, and conversations with other law enforcement officers, that methamphetamine traffickers/co-conspirators often maintain such materials/items at the aforementioned locations for extended periods of time (days, weeks, and months).

9. An additional federal search warrant specifically for Donald EDWARDS' person is also being sought. It is the intention of law enforcement [for reasons of officer safety and preservation of evidence] to execute the search warrant upon Donald EDWARDS' person away from his residence (for which another search warrant is also being sought) and storage units immediately prior to executing the search warrants upon those locations. As there is no known and predictable travel pattern for Donald EDWARDS, it is unknown as to what hour of the day or night law enforcement will encounter Donald EDWARDS within the Western District of Virginia for the purpose of executing the federal search warrant upon his person.

10. Based upon the facts set forth above, I believe there is probable cause for the issuance of a search warrant for the premises known as Exit 10 Self Storage, Storage Unit 55, 15503 Lee Hwy., Bristol, Virginia (located within the Western District of Virginia) as there is probable cause to believe that there is evidence of a violation of 21 U.S.C. § 841(a)(1) and § 846/841(a)(1) at said premises. Furthermore, I submit that Paragraph 9 above presents good/reasonable cause as to why the requested search warrant should be authorized for execution during any time of day or night.

_[signature]_
Brian Snedeker, Special Agent (DEA)

Subscribed and sworn to before me, ~~this~~ telephonically the 23rd day of September, 2022, in Abingdon, Virginia.

_[signature]_
Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia